IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 17-cr-00196-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. RUBEN D. MARQUEZ-VILLAVERDE,

    Defendant.

___

**ORDER**
___

This matter is before the Court on the Motion to Modify Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2) [Docket No. 65] filed by defendant Ruben Marquez-Villaverde.[1] On January 4, 2018, Mr. Marquez-Villaverde pled guilty to one count of possession with intent to distribute 500 grams and more of Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii). Docket Nos. 31, 32. On June 13, 2018, the Court sentenced Mr. Marquez-Villaverde to 120 months imprisonment followed by five years of supervised release. Docket No. 51 at 2-3. At sentencing, the Court found the total offense level to be 33. Docket No. 62 at 8:13-17. The Court determined Mr. Marquez-Villaverde's Criminal History Category to be I because Mr. Marquez-Villaverde had no criminal history points. *Id.* The Court calculated Mr. Marquez-Villaverde's Sentencing Guideline range to be 135 to 168 months

___

[1] Because Mr. Marquez-Villaverde is proceeding pro se, the Court construes his filings liberally without serving as his advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

imprisonment. *Id.* However, the Court granted Mr. Marquez-Villaverde's motion for a variant sentence and sentenced Mr. Marquez-Villaverde to the statutory minimum. *Id.* at 19:9-14.

On January 24, 2024, Mr. Marquez-Villaverde filed a pro se motion for a reduction in his sentence based on Amendment 821 to the Sentencing Guidelines.[2] Docket No. 65 at 1-2. Mr. Marquez-Villaverde argues that the United States Sentencing Commission has recently amended the Sentencing Guidelines to include a two-level decrease to the offense level of crimes committed by individuals with zero criminal history points. *Id.* at 1. Mr. Marquez-Villaverde maintains that, if he were sentenced today, his offense level would be 28 and his guideline range would be 78 to 97 months. *Id.* at 2. The government responded to Mr. Marquez-Villaverde's motion on August 19, 2024. Docket No. 68. The government argues that, because Mr. Marquez-Villaverde was sentenced to the statutory minimum, his sentence is unaffected by Amendment 821. *Id.* at 1.

Generally, a federal court may not alter a term of imprisonment once it has been imposed. *See Dillon v. United States*, 560 U.S. 817, 824 (2010); 18 U.S.C. § 3582(c). An exception to this general rule is set forth in 18 U.S.C. § 3582(c)(2). A court may reduce a defendant's sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." 18 U.S.C.

---

[2] Public records indicate that Mr. Marquez-Villaverde is no longer in federal custody. *See* Federal Bureau of Prisons, *Inmate Locator*, https://www.bop.gov/inmateloc/. Because Mr. Marquez-Villaverde's motion may impact the term of his supervised release, the Court will consider the motion.

§ 3582(c)(2). Section 3582(c)(2) "establishes a two-step inquiry." *Dillon*, 560 U.S. at 826. "At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in [USSG] § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id.* at 827. "At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id.*

On November 1, 2023, the Sentencing Commission adopted Amendment 821 to the Sentencing Guidelines in order to "make[ ] targeted changes to reduce the impact of providing additional criminal history points for offenders under a criminal justice sentence (commonly known as 'status points'), to reduce recommended guideline ranges for offenders with zero criminal history points under the guidelines ('zero-point offenders'), and to recognize the changing legal landscape as it pertains to simple possession of marihuana offenses." *See* U.S.S.G., Supp. to App. C., Amend. 821 (U.S. Sentencing Comm'n 2023). "Part B of Amendment 821 creates a new guideline, § 4C1.1, which provides for a decrease of two offense levels for 'Zero-Point Offenders.'" *United States v. Espinoza*, No. 21-cr-00250-WJM, 2024 WL 4108576, at *1 (D. Colo. Sept. 6, 2024). Under this provision, defendants are "eligible for a decrease of two offense levels if they are a 'Zero-Point Offender,' *i.e.*, a defendant with no criminal history points." *Id.* To be eligible, a defendant must also meet the following criteria:

> (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
> (2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);

3

      (3) the defendant did not use violence or credible threats of violence in connection with the offense;
      (4) the offense did not result in death or serious bodily injury;
      (5) the instant offense of conviction is not a sex offense;
      (6) the defendant did not personally cause substantial financial hardship;
      (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
      (8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);
      (9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and
      (10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848.

*Id.* at *1-2 (citing U.S.S.G. § 4C1.1(a)). Amendment 821 applies retroactively. *United States v. Stites*, 2024 WL 3535120, at *1 (D. Kan. July 24, 2024).

      The Court finds that Mr. Marquez-Villaverde is not eligible for a sentence reduction. Under U.S.S.G. § 1B1.10a, "reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . (B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." *United States v. McGee*, 615 F.3d 1287, 1291 (10th Cir. 2010) (quoting U.S.S.G. § 1B1.10a); *see also United States v. Chacon-Manriquez*, 2024 WL 3859018, at *1 (D.N.M. Aug. 19, 2024) ("A reduction in a term of imprisonment is not authorized under 18 U.S.C. § 3582(c) if the amendment in question 'does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment).'" (quoting U.S.S.G. § 1B1.10 cmt. n.1(A)). A district court "may not grant a sentence reduction if the defendant's original sentence was 'based on' a statutory mandatory minimum

4

sentence rather than a Guidelines range." *United States v. Martinez*, 2024 WL 4527775, at *6 (D.N.M. Oct. 18, 2024) ("Mandatory minimums foreclose 18 U.S.C. § 3582(c)(2) sentence reductions."); *Koons v. United States*, 584 U.S. 700, 704 (2018) (holding that petitioners did not qualify for sentence reductions under § 3582(c)(2) because their sentences were based on the statutory mandatory minimums, rather than on the lowered guidelines ranges). In this case, the Court granted Mr. Marquez-Villaverde's motion for a variant sentence and sentenced him to the statutory minimum. Docket No. 51 at 2-3. Mr. Marquez-Villaverde's status as a zero-point offender does not affect the applicability of the statutory mandatory minimum. *United States v. Madrid-Meza*, 2025 WL 623865, at *2 (D. Kan. Feb. 26, 2025) ("But the new zero-point offender provision can't benefit Mr. Madrid-Meza because two of his three convictions (Counts 1 and 29) came with mandatory minimum sentences of 10 years in prison. . . . As other federal courts have recognized, a defendant can't use 18 U.S.C. § 3582(c)(2)—based on a reduced Guideline range—to reduce his sentence below the statutorily mandated minimum sentence."). The Court lacks authority to further reduce Mr. Marquez-Villaverde's sentence. *United States v. Mercado-Gracia*, 2025 WL 370495, at *2 (D.N.M. Feb. 3, 2025) ("Because the Court sentenced Defendant to 180 months, the minimum statutory sentence allowed, he is not eligible for a sentence reduction under Amendment 821."); *see also United States v. Bynum*, 2025 WL 561721, at *2 (11th Cir. Feb. 20, 2025) ("Any error by the district court in failing to determine whether Bynum's guideline range was lowered by Amendment 821 and recalculating his guideline range or in failing to consider his mitigating arguments and evidence was harmless because Bynum received the statutory mandatory minimum sentence, and the court had no

authority to reduce his sentence below the statutory minimum."). Therefore, Mr. Marquez-Villaverde's motion is denied.

For the foregoing reasons, it is

**ORDERED** that the Motion to Modify Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2) [Docket No. 65] is **DENIED**.[3]  It is further

DATED October 1, 2025.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

---

[3] On October 11, 2024, the Court received a letter from Mr. Marquez-Villaverde requesting that the Court send him a copy of the government's response to his motion so that he can prepare a reply brief. Docket No. 69. The Court has ruled on Mr. Marquez-Villaverde's motion, and no reply brief was necessary. Therefore, Mr. Marquez-Villaverde's request for a copy of the government's response is denied.